# EXHIBIT B

```
                    CAUSE NO.  202136417

                RECEIPT NO.  899297              75.00      CTM
                             **********          TR # 73881454
```

| | |
|---|---|
| PLAINTIFF: RILEY, DUSTIN<br>    vs.<br>DEFENDANT: HOME DEPOT U S A INC | In The   333rd<br>Judicial District Court<br>of Harris County, Texas<br>333RD DISTRICT COURT<br>Houston, TX |

                        CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: HOME DEPOT U S A INC (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED
    BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A
    CSC-LAWYERS INCORPORATING SERVICE COMPANY
    211 E 7TH ST STE 620 AUSTIN TX 78701-3218 OR WHEREVER THEY MAY BE FOUND


    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND


This instrument was filed on the 17th day of June, 2021, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.
TO OFFICER SERVING:
    This citation was issued on 17th day of June, 2021, under my hand and
seal of said Court.



| | |
|---|---|
| Issued at request of:<br>MARKLAND, RAHFAAN CLIVE<br>2555  N. MACGREGOR SUITE 300<br>HOUSTON, TX  77004<br>Tel: (713) 630-0900<br>Bar No.:  24027475 | MARILYN BURGESS, District Clerk<br>Harris County, Texas<br>201 Caroline, Houston, Texas 77002<br>(P.O. Box 4651, Houston, Texas 77210)<br><br>Generated By: THAYER, CECILIA  MUK//11772679 |

                        CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:

| | |
|---|---|
| _____<br>_____<br>(a)ADDRESSEE<br>_____ | ADDRESS<br><br>Service was executed in accordance with Rule 106<br>  (2) TRCP, upon the Defendant as evidenced by the<br>    return receipt incorporated herein and attached<br>    hereto at<br><br>on _____ day of _____, _____<br>by U.S. Postal delivery to _____<br><br>This citation was not executed for the following<br>reason: _____<br><br>MARILYN BURGESS, District Clerk<br>Harris County, TEXAS<br><br>By _____, Deputy |

N.INT.CITM.P                        *73881454*

6/17/2021 11:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54512580
By: Cecilia Thayer
Filed: 6/17/2021 11:02 AM

*2021-36417 / Court: 333*

CAUSE NO. _____

| | | |
|---|---|---|
| **DUSTIN RILEY** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| **HOME DEPOT USA, INC.** | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF DUSTIN RILEY'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff DUSTIN RILEY, (hereinafter "Plaintiff") and files his Original Petition, complaining of HOME DEPOT USA, INC. (hereinafter "Defendant") and would show the Honorable Court and Jury the following:

### I.
### PARTIES

1.1 Plaintiff, DUSTIN RILEY is an individual resident of Magnolia, Montgomery County, Texas.

1.2 Defendant, HOME DEPOT U.S.A., INC. (hereinafter "Home Depot"), is a Foreign For-Profit Corporation conducting business in Harris County, Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX. 78701-3218, or wherever they may be found.

1.3 Plaintiff specifically invokes his right to institute this suit against whatever entity was conducting business using the assumed or common name of "The Home Depot" with regards to the events described in this Petition. Plaintiff expressly invokes

his right under Texas Rule of Civil Procedure 28 to have the true name of this party substituted at a later time upon motion or on the Court's own motion.

## II.
## VENUE AND JURISDICTION

2.1    Venue for this case is proper in Harris County, Texas, pursuant to § 15.002(a)(1) of the Texas Civil Practice and Remedies Code in that Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

2.2    The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits.

## III.
## DISCOVERY CONTROL PLAN

3.1    Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff requests a Level 2 Discovery Control Plan.

## IV.
## FACTS

4.1    On or about April 10, 2021, Plaintiff was an invitee at the Home Depot located at 21530 TX-249, Houston, TX 77070. As an invitee, Plaintiff was entering the garden center in Home Depot's premises at the instruction of an employee when he unexpectedly and without warning slipped on a clear liquid substance while walking through the gate. Home Depot knew or reasonably should have known of this dangerous condition on its premises and the risks it posed to invitees, such as Plaintiff. Home Depot, however, failed to exercise ordinary care to protect invitees, including Plaintiff, from this

dangerous condition. As a direct and proximate result of Home Depot's conduct, Plaintiff has sustained significant and severe injuries and damages.

## V.
## PREMISES LIABILITY

5.1   The incident made the basis of this lawsuit resulted from the improper conduct of Home Depot, which proximately caused the injuries and damages to Plaintiff. Plaintiff was an invitee on Home Depot's premises. Home Depot knew or reasonably should have known of the dangerous condition that posed an unreasonable risk of harm. Home Depot owed Plaintiff a duty of reasonable care in the operation and maintenance of the premises. Home Depot breached this duty, among other negligent conduct and not limited to the following: In failing to maintain the premises in a reasonably safe condition;

a. In failing to maintain the premises in a reasonable safe condition;

b. In failing to warn Plaintiff of the dangerous conditions on the premises;

c. In failing to inspect the premises so as to discover the dangerous condition that existed; and

d. In failing to exercise reasonable and ordinary care towards Plaintiff.

5.2   Each of these acts and/or omissions above, whether taken singularly or in any combination, constitutes premises liability. Home Depot's premises liability proximately caused injury and damages to Plaintiff, which Plaintiff will continue to suffer in the future and for the remainder of her natural life.

## VI.
## DAMAGES

6.1 As a result of the occurrence made the basis of this lawsuit, as detailed above, and as a direct and proximate result of Defendant's negligence, Plaintiff has suffered injuries, will likely sustain additional damages in the future, and is entitled to recover:

   a. Past medical bills and expenses incurred as a proximate result of the accident that forms the basis of this lawsuit;

   b. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident that forms the basis of this lawsuit;

   c. Mental anguish, physical pain and suffering, and loss of enjoyment of life in the past and in the future;

   d. Pre-judgment interest;

   e. Post-judgment interest;

   f. Costs of court; and

   g. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

6.2 Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiff reserves the right to amend this section as the course of the litigation progresses.

## VI.
## JURY DEMAND

7.1 Plaintiff demands a jury for all issues presented here in. The requisite jury fee accompanies this request.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant be cited to appear and answer herein, that upon final trial and other hearing of this cause, that Plaintiff recovers damages from Defendant in accordance with the evidence, and as the jury deems her deserving, that Plaintiff recovers costs herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and post judgment, and all other damages to which Plaintiff may be justly entitled.

                                        Respectfully submitted,

                                        **ROBERTS MARKLAND LLP**

By:    */s/ Anjali Sharma*
        R. Clive Markland
        State Bar No. 24027475
        Anjali Sharma
        State Bar No. 24094403
        Alejandra Muñoz Torres
        State Bar No. 24108858
        2555 N. MacGregor Way
        Houston, Texas 77004
        Telephone:   (713) 630-0900
        Facsimile:    (713) 630-0991
        Email: cm@robertsmarkland.com
        Email: as@robertsmarkland.com
        Email: am@robertsmarkland.com
        Email: eservice@robertsmarkland.com

                                        **ATTORNEYS FOR PLAINTIFF**

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.



**MARILYN BURGESS**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



7020 0640 0001 1412 6394



HOME DEPOT U.S.A. INC

C/O CORPORATION SERVICE CO. D/B/A CSC-
LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7TH STREET STE 620
AUSTIN, TEXAS 78701-3218

6-24-2021

20210416241

5820210624002950

6/17/2021 11:02:14 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 54512580
By: THAYER, CECILIA
Filed: 6/17/2021 11:02:14 AM



**Marilyn Burgess**
HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____ CURRENT COURT: _____

Name(s) of Documents to be served: <u>Plaintiff's Original Petition and Jury Demand</u>
FILE DATE: Month/Day/Year)

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**
Issue Service to: <u>Home Depot USA, Inc. / Registered Agent: CSC-Lawyers Incorporating Service CO.</u>

Address of Service: <u>211 E. 7th Street, Ste. 620</u>

City, State & Zip: <u>Austin, Texas 78701-3218</u>

Agent (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- ☒ Citation   ☐ Citation by Posting   ☐ Citation by Publication   ☐ Citations Rule 106 Service
- ☐ Citation Scire Facias   Newspaper_____
- ☐ Temporary Restraining Order   ☐ Precept   ☐ Notice
- ☐ Protective Order
- ☐ Secretary of State Citation ($12.00)   ☐ Capias (not an E-Issuance)   ☐ Attachment
- ☐ Certiorari   ☐ Highway Commission ($12.00)
- ☐ Commissioner of Insurance ($12.00)   ☐ Hague Convention ($16.00)   ☐ Garnishment
- ☐ Habeas Corpus   ☐ Injunction   ☐ Sequestration
- ☐ Subpoena
- ☐ Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
- ☐ ATTORNEY PICK-UP (phone) _____
- ☒ E-Issuance by District Clerk (No Service Copy Fees Charged)
- ☐ MAIL to attorney   at: _____
- ☐ CONSTABLE
- ☒ CERTIFIED MAIL by District Clerk

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- ☐ OTHER, *explain*: _____

Issuance of Service Requested By: Attorney/Party Name: <u>R. Clive Markland</u> Bar # or ID <u>24027475</u>
Mailing Address: <u>ROBERTS MARKLAND LLP, 2555 N MacGregor Way, Houston, Texas 77004</u>
Phone Number: <u>713.630.0900</u>

Case 4:21-cv-02261   Document 1-2   Filed on 07/13/21 in TXSD   Page 11 of 15

7/12/2021 4:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55269073
By: Daisy Puente
Filed: 7/12/2021 4:46 PM

CAUSE NO. 2021-36417

| | | |
|---|---|---|
| DUSTIN RILEY | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT USA, INC. | § | |
| *Defendant.* | § | 333rd JUDICIAL DISTRICT |

**DEFENDANT HOME DEPOT U.S.A., INC.'S ORIGINAL ANSWER
TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein), in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

**I.
GENERAL DENIAL**

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

**II.
AFFIRMATIVE DEFENSES**

2. By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3. Defendant asserts the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

1

4. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

5. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

6. Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

7. Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

8. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

9. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

10. To the extent that any health care provider has written off its charges for medical care for

Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

11.     Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

12.     Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

13.     Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

14.     The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

15. Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

16. In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

17. Defendant asserts the defense of unavoidable accident. The damages plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

## III.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Hawkins Parnell & Young, LLP

By: /s/ *Amy Welborn*
**AMY WELBORN**
State Bar No. 24012853
awelborn@hpylaw.com
**TROY D. HELLING**
State Bar No. 24007340
thelling@hpylaw.com
**TAYLOR R. YETTER**
State Bar No. 24102672
tyetter@hpylaw.com

4

2705 Bee Caves Road, Suite 220
Austin, Texas 78746
(512) 687-6900
(512) 687-6990 (Fax)

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

      I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 12th day of July, 2021.

R. Clive Markland
Anjali Sharma
Alejandra Munoz Torres
eservice@robertsmarkland.com
Roberts Markland LLP
2555 N. Macgregor Way
Houston, Texas 77004

5